**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDRE C. HOWARD and SELINA K. HOWARD, | Civil Action No. 25-04588 |
| *Plaintiffs,* | **OPINION** |
| v. | July 25, 2025 |
| VILLAGE CAPITAL & INVESTMENT LLC and MIDLAND MORTGAGE, | |
| *Defendants.* | |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon *pro se* Plaintiffs Andre C. Howard and Selina K. Howard's ("Plaintiffs") Complaint and Motion for a Temporary Restraining Order against Village Capital & Investment LLC ("Village Capital") and Midland Mortgage (together "Defendants") pursuant to Federal Rule of Civil Procedure 65 ("Rule 65"). (ECF 1, "Compl"; ECF 2, "Mot.") Defendant Midland Mortgage opposed Plaintiffs' Motion. (ECF 24-2, "Opp.") The Court has reviewed the papers and decided the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, and concludes that Plaintiffs have not demonstrated, as required by Rule 65 and Local Civil Rule 65.1, that the issuance of emergency relief is warranted. For the reasons stated below, Plaintiffs' Motion is **DENIED**.

**WHEREAS** Plaintiffs are co-owners of a property located at 708 Roessner Drive, Union County, New Jersey, 07083 ("the Property") which serves as their primary residence. (Compl. at 2; Mot. ¶ 1.) Plaintiff Andre Howard secured a mortgage in 2023 from MLB Residential Lending, and Defendant Village Capital later assumed servicing of that mortgage. (Compl. at 2.) In January

2024, Village Capital initiated a transaction to refinance the mortgage and advised Plaintiffs not to make their January payment due to the pending refinancing. (*Id.* at 2-3.) Plaintiffs allege that after singing the refinancing documents, Village Capital ceased communication with Plaintiffs and that their "[a]ttempts to resume payments were met with penalties and foreclosure threats." (*Id.* at 3.) In December 2024, Plaintiffs wrote to Village Capital to request information about the ownership and servicing of the loan, but Village Capital "refused to provide any investor identity, assignment documents, or trust-level data" and informed Plaintiffs that Midland Mortgage was the new owner of the loan. (*Id.*) On March 24, 2025, Plaintiffs received a 'Welcome Letter' from Midland Mortgage introducing itself as the new servicer of the loan, but "the letter did not identify a designated address for QWRs [Qualified Written Requests], nor did it name the current holder of the note." (*Id.*) Shortly thereafter, Plaintiffs received a letter from MidFirst Bank, Midland's parent institution, claiming to be the owner of the loan effective March 3, 2025, and instructing Plaintiffs to continue making payments to Village Capital (*id.*); and

**WHEREAS** Plaintiffs allege that these "contradictory notices caused considerable confusion as to who was servicing the loan, who owned the note, and where Qualified Written Requests or other servicing inquiries should be properly directed." (*Id.* at 3-4.) Plaintiffs submitted a QWR to Midland Mortgage on April 8, 2025 seeking verification of the debt and identification of the owner of the loan. (*Id.* at 5.) Plaintiffs allege that Midland Mortgage failed to acknowledge this QWR within five business days as required by federal law, and that while their April 8, 2025 QWR remained "unresolved," Midland Mortgage issued six foreclosure notices to Plaintiffs throughout April and May 2025, including to Plaintiff Selina Howard, who is not a borrower on the mortgage but does hold title to the Property, (*id.* at 4); and

**WHEREAS** Plaintiffs claim that Defendants' actions violate of the anti-dual tracking provisions of the Real Estate Settlement Procedures Act ("RESPA"), *see* 12 U.S.C. § 2605(e) and implementing Regulation X, *see* 12 C.F.R. §§ 1024.35, 1024.41 (Count I), and that as a result Plaintiffs have endured emotional distress, legal uncertainty, and ongoing threats to their home. (*Id.* at 4.) Specifically, Plaintiffs state that Midland Mortgage failed to provide acknowledgment within five business days to Plaintiffs' April 8, 2025 QWR as required by Section 2605(e)(1)(A), or provide a substantive written response within thirty business days as required by Section 2605(e)(2). (*Id.* at 5.) Plaintiffs also assert claims against Defendants under the Fair Debt Collection Practices ("FDCPA"), 15 U.S.C. §§ 1692(e)-(g) (Count II), and the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1641(f), (g) and implementing Regulation Z codified at 12 C.F.R. § 1026 (Count III). (*Id.* at 6-7.) Plaintiffs now seek injunctive and declaratory relief "clarifying the legal authority of Defendants to enforce the mortgage loan in question" (*id.* at 8) and to "restrain Defendant Midland Mortgage from initiating or proceeding with foreclosure or related collection activity on Plaintiffs' home" (Mot. at 12); and

**WHEREAS** granting a temporary restraining order pursuant to Federal Rule of Civil Procedure 65 is an "extraordinary remedy" that "should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). To determine whether to grant such a remedy, the Court considers four factors: (1) whether the movant has shown "a reasonable probability of eventual success in the litigation[;]" (2) whether the movant "will be irreparably injured . . . if relief is not granted[;]" (3) "the possibility of harm to other interested persons from the grant or denial of the injunction[;]" and (4) whether granting the preliminary relief will be in "the public interest." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017)

3

(citing *Del. River Port Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974)). "[A] district court—in its sound discretion—should balance those four factors so long as the party seeking the injunction meets the threshold on the first two." *South Camden Citizens in Action v. N.J. Dep't of Envtl. Prot.*, 274 F.3d 771, 777 (3d Cir. 2001) (citing *Oburn v. Shapp*, 521 F.2d 142, 147 (3d Cir. 1975)). It follows that a "failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *See id.* at 777 (*citing In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982)). The movant bears the burden of showing its entitlement to an injunction. *See Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990)); and

**WHEREAS** Plaintiffs have failed to demonstrate that "immediate and irreparable injury, loss, or damage will result" if the Court does not grant injunctive relief. Fed. R. Civ. P. 65(b)(1)(A); *see also Reilly*, 858 F.3d at 176 ("the moving party must show as a prerequisite…that it will be irreparably injured…if relief is not granted"). Plaintiffs do not allege irreparable harm insofar as an imminent or impending date of foreclosure on the Property, but instead allege only that they have received written threats of foreclosure related to the default on the Property's mortgage.[1] (Compl. at 4.) Therefore, Plaintiffs have not shown that they are in immediate danger of losing or being removed from the Property. (*See* Opp. at 7.) Moreover, the FDCPA, TILA, and RESPA do not permit the injunctive relief sought by Plaintiffs. *See Waitkus v. Pressler & Pressler, L.L.P.*, No. 11-6531, 2012 WL 686025, at *4 (D.N.J. Mar. 2, 2012) (confirming "injunctive relief

---

[1] Plaintiffs attach as Exhibit A to their Complaint written notices of intent to foreclose dated April 24 and April 29, 2025, which each state that if Plaintiffs' default is not cured, "the lender may take steps to terminate [their] ownership in the property by commencing a foreclosure suit in a court of competent jurisdiction." (ECF 1-5, "Ex. A" at ¶¶ 6.)

is not cognizable under the FDCPA"); *Vilkofsky v. Specialized Loan Servicing, LLC*, No. 16-01291, 2017 WL 2573874, at *7 n.11 (W.D. Pa. June 14, 2017) ("RESPA provides for neither equitable nor injunctive relief"); *Krieger v. Bank of America, N.A.*, 890 F.3d 429, 433 (3d Cir. 2018) (noting that TILA provides a private right of action under § 1640(a) which permits only the "recovery of actual damages, statutory damages, costs, and attorneys' fees"). Accordingly, Plaintiff's Motion for a Temporary Restraining Order is **DENIED**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Andre M. Espinosa, U.S.M.J.
       Parties

5